UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 17-cv-61281-BLOOM/VALLE

IN RE:

PETITION OF ANTHONY ALBERGO, as titled owner of and for a 29' 1998 WELLCRAFT, hull identification number WELFNA19H798, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

          Petitioner.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Claimants/Respondents', Christopher Charles Seitz, individually and as parent and legal guardian of Nathaniel Bradley Seitz, a minor, ("Claimants") Motion to Dismiss, Stay or Alternatively to Allow Claimants to Proceed in State Court, ECF No. [13], (the "Motion"). The Court has carefully reviewed the Motion, the applicable law, the parties' briefs, and is otherwise fully advised of the record in this case. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

Petitioner Anthony Albergo ("Petitioner"), as the titled owner of a 29-foot 1998 Wellcraft vessel with hull identification number WELFNA19H798, her engines, tackle, and appurtenances, (the "Vessel") filed a petition before this Court for exoneration or for limitation from liability. *See* ECF No. [1] (the "Petition"). The Petition alleges that, on May 7, 2017, the Vessel was properly operated near the Hillsboro inlet when a jet ski collided with it. *Id.* at ¶ 9. Two passengers, Christopher Seitz and Nathaniel Seitz, were on board the jet ski and were allegedly injured as a result of the collision. *Id.* The jet ski was also damaged. *Id.* The Petition further

alleges that Petitioner, as the owner of the Vessel, exercised due diligence to make the Vessel seaworthy and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other necessary equipment in good and suitable operation. *Id.* at ¶ 7. In addition, Petitioner alleges that the Vessel was completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery and that there was no negligence on Petitioner's part that caused or contributed to any alleged injury or damage sustained by any claimants. *Id.* at ¶¶ 18 and 20.

In Count I, Petitioner seeks exoneration from any claims made by Christopher Charles Seitz and Nathaniel Bradley Seitz and their family members as well as any claims made by Deerfan, Inc., the owner of the jet ski. *Id.* at ¶¶ 13 and 14. In Count II, Petitioner seeks to limit his liability to the amount of the value of the Vessel pursuant to 46 U.S.C. §§ 30505 and 30511. *Id.* at ¶ 24. Count II incorporates the allegations in all preceding paragraphs by reference and also alleges that "the Incident occurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30505." *Id.*

Following the filing of the Petition, this Court entered an Order staying and restraining the commencement or further prosecution of any action, suit or proceedings in any court relating to any claim arising out of, or connected with the incident described in the Petition until the final determination of these proceedings. *See* ECF No. [8] at 5. Claimants now move to dismiss the Petition and request that the stay be lifted to allow them to prosecute their lawsuit against Petitioner in the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [13]. Petitioner timely filed a Response in Opposition. *See* ECF No. [25]. Although Claimants had the opportunity to file a Reply, they did not do so. Accordingly, the Motion is ripe for review.

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

### III. DISCUSSION

In the Motion, Claimants seek to dismiss the Petition by arguing that Petitioner was at the helm of the Vessel at the time of the accident. *See* ECF No. [13] at 2. Because vessel owners cannot limit their liability unless the loss occurred without their privity or knowledge and here, Petitioner was in control and operating the Vessel, Claimants contend that he cannot lack privity or knowledge. *Id.* at 3-4. As such, Claimants argue that Petitioner cannot avail himself of the Limitation of Liability Act. *Id.* Given the unavailability of such an action, Claimants further argue that the injunction of their pending state court lawsuit against Petitioner must be dissolved as they have a constitutional right to a jury trial. *Id.* at 4-5. Petitioner, in turn, responds that the Petition satisfies the requirements of the Limitation of Liability Act, requiring that the Motion be denied. *See* ECF No. [25]. As to the dissolution of the stay, Petitioner argues it should not be lifted because Claimants have not entered into certain stipulations required by law. *Id.* For the reasons explained below, the Court concludes that the Petition states a cause of action for a limitation of liability and Claimants have failed to satisfy the requirements to lift the injunction on the parallel state court action.

Under the Limitation of Liability Act, a vessel owner can limit its liability to the value of the vessel for claims that arise from a maritime incident provided these occurred "without the privity or knowledge of the owner." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing 46 U.S.C. § 30505). Within six months of receiving a written notice of a claim, a vessel owner must file the limitation action in federal court. *Id.* (citing 46 U.S.C. § 30511). Thereafter, the owner must deposit an amount or an approved security with the district court that equals the value of the vessel. *Id.* Once this occurs, any lawsuits against the vessel owner are stayed and the district court will issue a notice of the

limitation action to all potential claimants. *Id.* When addressing the merits of the limitation action, the Court must undertake a two-step analysis: (1) "the court must determine what acts of negligence or conditions of unseaworthiness caused the accident;" and (2) "the court must determine whether the ship owner had knowledge or privity of those same acts of negligence or condition of unseaworthiness." *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1062 (11th Cir. 1996). The claimants shoulder the burden to prove liability – negligence or unseaworthiness – while the ship owner shoulders the burden of proving the lack of privity or knowledge. *Id.*

Here, in support of dismissal, Claimants direct the Court to a former Fifth Circuit Court of Appeals opinion, *Fecht v. Makowski*, 406 F.2d 721 (5th Cir. 1969).[1] In *Fecht*, one passenger was injured and another was killed when a 17-foot outboard motor boat operated by the petitioner/owner struck a submerged object. *Id.* at 721. Finding that "[i]f there was negligence in the operation of the motorboat, only [the owner] could have been guilty of it," the Fifth Circuit determined that, under those facts, "'privity or knowledge would have existed" and the limitations action should have been denied. *Id.* at 722. Courts within the Eleventh Circuit have since interpreted *Fecht* to mean that "the admiralty court may decide the privity or knowledge issue without first deciding the liability issue – at least where the boat owner concedes privity or knowledge, or where it is otherwise impossible under any set of circumstances for the vessel owner to demonstrate the absence of privity or knowledge." *Suzuki of Orange Park*, 86 F.3d at 1064. In this case, neither condition allowing the determination of privity or knowledge before liability is present. As to the first, the Petition explicitly disputes that Petitioner had privity or knowledge within the meaning of 46 U.S.C. § 30505. *See* ECF No. [1] at ¶ 25. Given that the

---

[1] All decisions from the Fifth Circuit Court of Appeals entered prior to the close of business on September 30, 1981 are binding within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Court must accept all allegations as true when reviewing a motion under Rule 12(b)(6) and that Petitioner disputes privity or knowledge, the first condition from *Fecht* cannot apply to bypass the determination of negligence. *See Miccosukee Tribe of Indians of Fla.*, 304 F.3d at 1084.

As to the second condition, the Eleventh Circuit has cautioned against summarily deciding whether it would be impossible under any set of circumstances for the vessel owner to demonstrate the lack of privity or knowledge on a motion to dismiss. *See M/V Sunshine, II v. Beavin*, 808 F.2d 762, 765 (11th Cir. 1987) (reversing order that dismissed limitation of liability lawsuit in which the vessel was owned and operated by the petitioner and stating that "factual development of the issue of fault causing or contributing to the loss would perforce resolve a question of entitlement to limitation"). Narrowing *Fecht*'s holding, the Eleventh Circuit in *M/V Sunshine* explained:

> In short, in most circumstances negligence in operation will be sufficiently connected to the owner on board his own small vessel and operating it that he will be found to have privity or knowledge, but this common sense recognition of how the facts will usually work out is not an ineluctable doctrine to be applied at the pleading stage, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to rational decision. The "owner at the helm" doctrine is a useful tool directed toward proper decision and not a talisman.

*Id.*

Courts within this Circuit have applied this rationale to deny motions to dismiss and motions for summary judgment in which claimants have attempted to circumvent their burden to prove negligence by arguing that the vessel owner had privity or knowledge. *See In Re: Black*, No. 16-cv-81937-DIMITROULEAS, 2017 WL 3601826, *3 (S.D. Fla. July 11, 2017)("In his Motion, Claimant jumps directly to the second prong of the analysis, arguing that Petitioner cannot prove that she acted without knowledge or privity of the conditions which caused the incident . . . Thus, a determination as to Petitioner's privity or knowledge is premature and

cannot support dismissal."); *Leak v. Phoenix Sailing Yacht Servs., Inc.*, No. 8:13-cv-3240-T-33TGW, 2014 WL 4373468, *3 (M.D. Fla. Sept. 3, 2014) (alterations and omissions in original) ("'[u]nless and until [P]laintiff can prove that [Defendant] was negligent and/or the vessel was unseaworthy, which was a cause of the incident, the 'issue' of whether or not there was 'privity or knowledge' on the part of [Defendant]' . . . is not ripe for consideration . . . This Court agrees."); *Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 WL 2778162, *4 (M.D. Fla. June 18, 2014) (denying premature motion for summary judgment when the petitioner alleged that he did not cause the accident, he did not have privity or knowledge, that the vessel was seaworthy, and that the claimant caused the injuries); *Int'l Ship Repair & Marine Servs., Inc. v. Morales-Montalvo*, No. 808-CV-1617-T-23EAJ, 2009 WL 36151, at *3 (M.D. Fla. Jan. 6, 2009) ("In particular, the court finds that summary disposition on a motion to dismiss is inappropriate in a Limitation Act case where factual development regarding fault is required."); *Rodriguez Morira v. Lemay*, 659 F. Supp. 89, 92 (S.D. Fla. 1987) ("[M]ore recent cases [than *Fecht*] clearly indicate that summary disposition of the Complaint for Limitation and/or Exoneration on claimant's Motion to Dismiss would be inappropriate here, since factual development on the issue of fault and on the issue of ownership of the vessel M/V Lou are required to resolve the issue.").

In their Motion, Claimants attempt to bypass the first step of a limitation action by jumping directly to the question of privity or knowledge. Based on the facts alleged, the Court cannot reach such a conclusion at the pleading stage. The Petition alleges that "Petitioner exercised due diligence to make the Vessel seaworthy in all respects," that the Vessel was "completely seaworthy and free of any defects or deficiency in her hull, equipment and machinery," and that there was "no negligence on the part of the Petitioner that caused or

contributed to any alleged injury or damage sustained by" Claimants. *See* ECF No. [1] at ¶¶ 17, 18, and 20. Further, the Petition alleges that the Vessel was properly operated "when a jet ski collided with the Vessel." *Id.* at ¶ 9. Regardless of whether Petitioner ultimately had privity or knowledge, which is disputed, the Court cannot skip forward and shift the burden to Petitioner to prove the absence of privity or knowledge when the question of negligence or unseaworthiness of the Vessel remains unresolved. Thus, Claimants' Motion to Dismiss is due to be denied.

In addition to seeking dismissal, Claimants ask the Court to dissolve the injunction and allow them to proceed with their lawsuit in state court. *See* ECF No. [13]. Inherent in a limitation action, which is subject to exclusive admiralty jurisdiction, is a tension with the "savings to suitors" clause, which gives district courts original jurisdiction over admiralty cases while "saving to suitors in all cases all other remedies to which they are otherwise entitled." *Offshore of the Palm Beaches*, 741 F.3d at 1258 (quoting 28 U.S.C. § 1333). Under this clause, there is a presumption favoring jury trials and common law remedies in the forum selected by the claimant. *Id.* (quoting *In re Beiswenger Enters. Corp.*, 86 F.3d 1032, 1258 (11th Cir. 1996)). This tension has been resolved by the creation of two limited exceptions that allow claims to proceed under the "saving to suitors" clause. *Id.* (citing *Langnes v. Green*, 282 U.S. 531, 542 (1931)); *Suzuki of Orange Park*, 86 F.3d 1063, n. 2. The first exception is satisfied "when a vessel owner faces only a single claimant." *Offshore of the Palm Beaches*, 741 F.3d at 1258. Under these circumstances, a district court has the discretion to stay the limitation action and allow the claim to be tried in a different forum, but before doing so, "the claimant must enter a series of stipulations that 'effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund.'" *Id.* (quoting *Beiswenger*, 86 F.3d at 1038). The second exception "arises where the limitation fund exceeds the aggregate amount of

all the possible claims against the vessel owner." *Suzuki of Orange Park*, 86 F.3d 1063, n. 2 (citing *Lake Takers Corp. v. Henn*, 354 U.S. 147, 152-53 (1957)).

In this case, neither exception has been satisfied. As to the first, multiple claimants have filed claims in this action: Christopher Charles Seitz, individually and as parent and legal guardian of Nathaniel Bradley Seitz, a minor, Matthew Abramowitz, and Deerfan, Inc. d/b/a Life's A Beach Watersports. *See* ECF Nos. [13] and [16]. Further, Claimants have not entered into any stipulations that will guarantee that Petitioner will not be exposed to competing judgments in excess of the limitation fund. Thus, the first exception is not satisfied. Claimants likewise do not satisfy the second exception as there is no stipulation that the value of the Vessel exceeds the aggregate amount of all possible claims made against Petitioner. Given the inapplicability of either exception, Claimants' request to lift the stay of the state court action must also be denied.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Claimants' Motion to Dismiss, Stay or Alternatively to Allow Claimants to Proceed in State Court, **ECF No. [13]**, is **DENIED**. The Claimants shall file an Answer to the Petition **no later than November 29, 2017.**

**DONE AND ORDERED** in Miami, Florida, this 20th day of November, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record