UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 17-cv-61281-BLOOM/VALLE

IN RE:

PETITION OF ANTHONY ALBERGO, as titled
owner of and for a 29' 1998 WELLCRAFT, hull
identification number WELFNA19H798, her
engines, tackle, and appurtenances, for
Exoneration from or Limitation of Liability,

        Petitioner.
_____/

IN THE MATTER OF THE COMPLAINT
OF MATTHEW ABRAMOWITZ, as Owner,
and DEERFAN, INC, d/b/a Lifes a Beach
Watersports, as Owner pro hac vice, of a
2015 10' Yamaha VX personal watercraft with
Hull ID Number YAMA2590J415, for
Exoneration from or Limitation of Liability,

        Petitioner.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Claimant, Anthony Albergo's ("Albergo") Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion"), originally filed in Case No. 17-cv-61846-GAYLES, ECF No. [14], which has since been transferred to the undersigned and consolidated with Case No. 17-cv-61281-BLOOM. The Court has carefully reviewed the Motion, the applicable law, the parties' supporting and opposing filings, and is otherwise fully advised of the record in this case. For the reasons that follow, the Motion is denied.

I. **BACKGROUND**

Petitioners, Matthew Abramowitz, as owner, and Deerfan, Inc. d/b/a Life's a Beach Watersports (collectively "Petitioners"), as owner pro hac vice, of a 2015 10 foot Yamaha VX personal watercraft with Hull ID Number YAMA2590J415 (the "Vessel"), filed a petition for exoneration or for limitation from liability. *See* ECF No. [1], Case No. 17-cv-61846 (the "Petition"). The Petition alleges that, on May 7, 2017, Deerfan rented the Vessel to Christopher Seitz who operated the Vessel with one passenger, Nathaniel Seitz. *Id.* at ¶¶ 10-11. While operating the Vessel in the Atlantic Ocean, it collided with a boat owned and operated by Albergo.[1] *Id.* at ¶ 12. As a result of this collision, Petitioners state that Christopher Seitz and Nathaniel Seitz were injured and both vessels involved in the collision sustained damage. *Id.* at ¶ 13.

The Petition further alleges that any damages and losses were "occasioned and incurred without fault on the part of Petitioners and without their privity or knowledge, actual or imputed." *Id.* at ¶ 17. According to Petitioners, "any losses or damages that occurred or were alleged to have occurred on the voyage ending on May 7, 2017, were not caused or contributed to by any fault, neglect, want of care or design on the[ir] part . . . or any unseaworthy condition of the Vessel, but, on the contrary, were caused solely by conditions beyond" their "control and actual or constructive knowledge." *Id.* at ¶ 15. Of significance to Albergo's Motion is the following allegation within the Petition: "Petitioner is not aware of any suits arising out of the aforesaid incident presently pending against Petitioner. Petitioners have not received notice of claim, but are fearful that suit may be brought against them by parties who allege injuries and

---

[1] Albergo filed his own Petition for Exoneration or Limitation of Liability, which is consolidated with this action. Albergo has also separately filed a Claim against Petitioners.

damages by reason of the aforesaid incident." *Id.* at ¶ 18. Petitioners also allege the Petition was timely filed within six months of the date of the incident. *Id.* at ¶ 19.

In a one-page Motion to Dismiss contained within his Answer, Albergo argues that the Court lacks subject matter jurisdiction over Petitioners' claims because they had not received a notice of claim as of the time the Petition was filed. *See* ECF No. [14] in Case No. 17-cv-61846. For that reason, Albergo states that "the time in which to bring an action under 46 U.S.C. § 30511 has not begun." *Id.* Petitioners' timely Response and Albergo's timely Reply followed. *See* ECF Nos. [52] and [56].[2] The Motion is now ripe for review.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a

---

[2] Any references to docket entries without a corresponding case number reflect docket entries in this consolidated action. To the extent the Court references any docket entries from Case No. 17-61846 prior to its consolidation with this matter, the Court's citation to the record will state as much.

complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."). "In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

## III. DISCUSSION

More than 160 years ago, Congress enacted the Limitation of Liability Act, 46 U.S.C. §§ 181-96 (the "Act"), for the purpose of encouraging ship building in the United States. *See Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089–90 (11th Cir. 2005). As this Court has previously explained, under the Act, a vessel owner can limit its liability to the value of the vessel for claims that arise from a maritime incident provided these occurred "without the privity or knowledge of the owner." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing 46 U.S.C. § 30505). Following the original passage of the Act, Congress amended § 185, now codified as 46 U.S.C. § 30511, in 1936 "by adding a time bar that requires a vessel owner to file its petition in federal court within six months of receiving 'written notice of claim.'" *Paradise Divers*, 402 F.3d at 1089–90. Section 30511(a) reads as follows:

> **(a)** In general.--The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. **The action must be brought within 6 months after a claimant gives the owner written notice of a claim.**

46 U.S.C. § 30511(a) (emphasis added). Prior to this amendment, shipowners often delayed filing a petition for limitation of liability until after the question of liability was litigated and determined against them. *Paradise Divers,* 402 F.3d at 1090 (citing *Deep Sea Tankers, Ltd. v. The Long Branch,* 258 F.2d 757, 772 (2d Cir.1958)). In *Paradise Divers*, the Eleventh Circuit explained that the purpose of the amendment "was to curb the abuse of delays by shipowners in filing limitation actions." *Id. See also Diamond v. Beutel*, 247 F.2d 604, 606–07 (5th Cir. 1957)[3] ("It is conceded by the plaintiff that the purpose of the six months provision was to change the old rule and require the shipowner to act promptly in asserting the right to limit his liability. That this was the legislative purpose has been generally recognized.").

The procedure for filing a limitation of liability action in federal court is set forth in Supplemental Rule F. Consistent with the 1936 amendment, Supplemental Rule F(1) provides as follows: "Time for Filing Complaint; Security. Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute." Supp. Rule F(1). The accompanying Advisory Committee Notes explain that "[t]he rule here incorporates in substance the 1936 amendment of the Act (46 U.S.C., §185) with a slight modification **to make it clear** that the complaint may be filed **at any time** not later than six months after a claim has been lodged with the owner." Supp. Rule F(1), advisory committee notes (emphasis added).

With this background in mind, Albergo argues that the language of the 1936 amendment should be interpreted to mean that "a claim for exoneration or limitation of liability and the subsequent 6-month filing deadline does not begin to accrue until receipt of written notice of a

---

[3] All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent for the courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

claim." *See* ECF No. [14] in Case No. 17-cv-61846. And, because Petitioners had not received a notice of claim as of the date they filed their Petition, Albergo claims their action is premature and they lack standing. *Id.*; ECF No. [55]. However, none of the cases upon which Albergo relies hold that the 1936 amendment created a right to file a limitation action or otherwise created an accrual date. For the most part, those cases discuss a party's failure to file a limitation action within six months of receiving the notice of claim. Here, the opposite is true. In anticipation of receiving a notice of claim, Petitioners proactively invoked the Court's jurisdiction to limit their liability in this action. Petitioners' actions are consistent with the spirit of the 1936 amendment, which was intended to prevent a shipowner's dilatory tactic of filing a limitation proceeding after its liability had already been determined. There is nothing within the language of § 30511(a) that prevents a shipowner from filing a limitation action prior to formally receiving a notice of claim. To the contrary, it simply imposes a deadline by which a limitation action must be filed – six months after receiving a written notice of claim. Such an interpretation is consistent with Supplemental Rule F(1), which states that "**[n]ot later than** six months after receipt of a claim in writing, any vessel owner may file a complaint . . . for limitation of liability pursuant to statute." Supp. R. F(1) (emphasis added). This rule incorporates the 1936 amendment while *clarifying* that "the complaint may be filed **at any time** not later than six months after a claim has been lodged with the owner." *Id.*, advisory committee notes (emphasis added).

The Court recognizes that there is scant case law interpreting this precise issue. The parties have only directed the Court to two cases on point and the Court's own research did not reveal any other relevant case law. Albergo directs the Court to an unpublished order from the Southern District of Florida in which the district court *sua sponte* dismissed a petition for

limitation of liability because it was filed in anticipation of claims made for damage or loss caused by an explosion and fire. *See In re Ryan*, No. 11-80306-CIV, 2011 WL 1375865, at *2-3 (S.D. Fla. April 12, 2011). However, the Court does not find this opinion persuasive as it did not consider or otherwise analyze the historical context and purpose of the 1936 amendment, the language in Supplemental Rule F(1), the advisory committee notes, or their collective impact on actions for limitation of liability. *Id.* Instead, the order appears to assume that the right to file a limitation of liability petition does not accrue until a notice of claim is received. *Id.*

On the other hand, Petitioners have directed the Court to a published opinion from the District Court of Delaware containing a persuasive and thoughtful analysis of the 1936 amendment. *See In re Southern Steamship Co.*, 132 F. Supp. 316 (D. Del. 1955).[4] The *Southern Steamship* court explained that, according to the legislative history of the 1936 amendment, its purpose "was to introduce a limitation of time for the filing of limitation of liability proceedings" and that such a limitation "clearly had to have a beginning point so that it could be measured with exactness." *Id.* at 319. However, the amendment was not intended to create any new rights to limited liability proceedings as that right "had existed for the 85 years intervening since 1851" and it was not intended to repeal and replace an existing right either. *Id.* at 320. It simply "created for the first time a limitation of time for the exercise of that pre-existing right." *Id.* Based on the foregoing, the Court finds that the six-month period contained within § 30511(a) simply sets forth the deadline by which a limitation of liability action must be filed.

Even if the Court agreed with Albergo's position, Albergo himself filed a claim against Petitioners and Christopher Seitz and Nathaniel Seitz have likewise filed claims against

---

[4] The Court of Appeals for the Third Circuit has also recognized that the analysis in *Southern Steamship* is sound. *See Matter of Oskar Tiedemann & Co,* 259 F.2d 605, 607 (3d Cir. 1958).

Petitioners. *See* ECF No. [14] in Case No. 17-cv-61846 and ECF No. [55]. In addition, Albergo recognizes in his Reply that "Deerfan did, in fact, receive written notice of a claim *before* the Petition was filed, yet same has not been alleged." *See* ECF No. [55] at 1, n.1 (emphasis added). Thus, it is unclear why Albergo continues to contest the existence of subject matter jurisdiction when, by his own admission, Petitioners received a written notice of claim *prior* to filing the Petition. The Court finds that it has subject matter jurisdiction over Petitioners' claims.

In his Reply, Albergo also raises - for the first time - an argument that the Petition fails to plead sufficient facts to state a claim for relief under Supplemental Rule F(2). No such argument was mentioned or preserved in the one-page Motion to Dismiss and Petitioners did not reference Supplemental Rule F(2) in their Response. The Court will not address arguments raised for the first time in a Reply. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'") (collecting cases).

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Claimants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, **ECF No. [14] in Case No. 17-cv-61846**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of December, 2017.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record